IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AMY KRISTINE WOOTEN**                                           **PLAINTIFF**

**V.**                         **CIVIL ACTION NO. 3:22-CV-280-DAS**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY**                **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be remanded.

FACTS

The plaintiff, Amy Kristine Wooten, filed for benefits on October 8, 2020, alleging onset of disability on September 28, 2020. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on May 2, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: acute myocardial infarction, coronary artery disease, and diabetes mellitus. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional

limitations: she can occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk for about four hours in an eight-hour work day; sit for about six hours in an eight-hour work day; occasionally climb ramps and stairs and crawl; frequently balance, stoop, kneel, and crouch; perform tasks that do not require climbing ladders, ropes, or scaffolds or working at unprotected heights. The ALJ found the plaintiff is capable of performing her past relevant work as a cashier and as a customer service representative as actually and generally performed.

## ANALYSIS

The plaintiff raised four issues which were thoroughly briefed and argued during the hearing in this case. The issue of greatest concern to this court and warranting remand is the ALJ's evaluation of a portion of Dr. Jimmy Sneed's Medical Source Statement. Dr. Sneed, the plaintiff's treating cardiologist, indicated that the plaintiff's legs should be elevated with prolonged sitting; however, he incorrectly responded to the question "how *high* should the leg(s) be elevated" with the durational requirement "5-10 mins." Dr. Sneed further opined that the plaintiff needed to elevate her legs 10% of the workday. At the administrative hearing, the plaintiff clarified that Dr. Sneed had instructed her to elevate her legs above her heart. This is significant because the vocational expert (VE) testified that such a limitation would preclude all available jobs.

It is clear to the court that Dr. Sneed misunderstood the question of how high the plaintiff should elevate her legs during the workday. In light of the plaintiff's testimony regarding Dr. Sneed's instructions and because of the vocational implications, the court finds this case should be remanded for clarification as to Dr. Sneed's opinion on this point. The court is not suggesting that the ALJ must accept a limitation requiring the plaintiff to elevate her feet above her heart

during the workday; however, the plaintiff is entitled to have Dr. Sneed's actual opinions evaluated by the ALJ in order for the court to be satisfied that substantial evidence supports the RFC finding.

Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 7th day of December, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**